HARRIET P. WILBUR *et al. vs.* EDGAR S. PECKHAM.

NEWPORT—NOVEMBER 30, 1900.

PRESENT : Stiness, C. J., Tillinghast and Blodgett, JJ.

(1)   *Trespass quare clausum. Burden of Proof. Evidence.*

Defendant by the plea of soil and freehold to an action of trespass *quare clausum* admits the possession of the plaintiff and the committing of the acts complained of, and therefore the burden rests upon him of justifying the acts by a preponderance of testimony.

Where the use of the *locus in quo* has been for more than a century of such a nature as to comport as well with the customary and ordinary use of the open space in front of a village blacksmith's shop as with the use of common land, the plaintiff's possession is not shown to have been unlawful.

TRESPASS *quare clausum fregit.* The defendant filed the plea of soil and freehold, and other special pleas not considered by the court. The facts are sufficiently stated in the opinion. Heard by the full bench, jury trial waived, under the provisions of Gen. Laws R. I. cap. 222, § 3.

BLODGETT, J. This is an action of trespass for the removal

of a fence constructed by the plaintiffs on part of a tract of land opposite the Congregational church in Little Compton. The defendant admits the acts complained of, and has filed several pleas in justification.

Upon full consideration of the record, we are of the opinion that the only plea requiring extended consideration is the plea of soil and freehold in the town of Little Compton, in which it is averred that the land in question was a public common and that the plaintiffs obstructed access thereto by a fence which the defendant, as town sergeant of the town, removed by vote of the town council. Jury trial has been waived, and the case has been certified by a single justice to the court *en banc.*

The defendant claims that the land in question has been a part of the common land of the town from the time of the first allotment of lands to the original proprietors in 1677, and more than twenty deeds and wills since that time to the present have been offered for our consideration, together with copies and extracts of the original proprietors' records, as well as a large amount of oral testimony.

(1) It is manifestly difficult to determine with absolute precision at this day the exact boundaries of the original layout of the common in question. But, upon a careful consideration of the whole record in the case, we are of opinion that the defendant, who admits the acts complained of, and upon whom, therefore, the burden rests of justifying those acts by a preponderance of evidence, has failed to make his defence good. The use of the land has been for more than a century of such a nature as to comport as well with the customary and ordinary use of the open space in front of a village blacksmith shop as with the use of common land. The plea of freehold admits the plaintiffs' possession at the time of the alleged trespasses, and we are not satisfied that the plaintiffs' possession was not lawful. 2 Greenleaf on Evidence, § 626 ; *City of Providence* v. *Adams,* 10 R. I. pp. 199 and 207.

We do not deem it necessary to discuss in detail the separate links in the respective chains of title of the plaintiffs and of the defendant, extending over nearly two hundred

and twenty-five years, further than to state that the additions made to the so-called "Butler lot" by the action of the proprietors, as appears in their records, are sufficient to support the plaintiffs' claim of title to the land in question. Under date of May 17, 1693 (p. 77), the record is as follows:

"In reference unto an Order made by the Proprietors at a Meeting at Saconet, May 18, 1686, about Settling the Head Line of the Great Lots, it was found by the Committee to Cut Off or shorten some House Lots, as namely, Daniel Butler's, *which was made up out of that Lot, which Lieth on the North Side his land which was formerly intended for the Minister or Ministry.*

"Also William Shirley, the 19th Lot was made up out of that Lot formerly intended for Town Use, and for a Meeting-House, Pound, &c., wherefore the Two Opposite Lots to them and Lying on the East Side the Highway must Remain to the Minister and Ministry." Under date of March 21, 1694 (p. 92), the following record appears, viz.:

"RECORD. The Proprietors have agreed and voted that there be a Highway to go from the Great Highway, of Ten Rods Broad, Up between the lands of Joseph Church Jun and Edward Richmond Jun Up to Daniel Butler, his Land, *Repairing what Damage is done thereby, in Land, by Restoring so much Land, and as good,* and also to allow in Land, THREE Shillings per Rod for so many Rods as the Highway is in Length, that we may have an Open Way, or Common Highway to the Meeting House," and May 19, 1702 (p. 135):

"At a MEETING of the Proprietors of the Lands of Little Compton, held at Little Compton, May 19, 1702.

"At the Meeting abovesaid, the Proprietors have confirmed by Vote, that, that Parcel of Land *now within Daniel Butler's FENCE (and left for COMMON USE) at the NORTH WEST Corner of the said Butler's Land, should good unto him and his heirs forever, upon the Case of Exchange for so much of his Land at the West End of his Lot for a Highway to the MEETING–HOUSE,* and so to remain

for COMMON USE of the Town." See also March 10 and 11, 1710 (p. 163), viz. :

"SIXTH. The Proprietors have agreed at this Meeting, that there shall be Laid Out Thirty-Three Shares of Land, Out of the South Side of that Ten Acre Lot, that Lieth next to the Land that was formerly Daniel Butler's, that is to say, it shall begin at the North East Corner of *that OFFSET, in said Butler's Land*, and to Run East, until it come to the Highway which said Piece of Land, shall be Laid Out by any Three of the Committee, beginning at the West End of said Land, to Lay Out the FIRST Lot, so on East, to the Last, each Person Paying for Laying Out his Share or Lot of Land."

Upon careful consideration of all the evidence in the case, we are of opinion that judgment should be for the plaintiffs, and we assess damages of ten dollars against the defendant, without costs.

*Oscar Lapham*, for plaintiffs.
*William P. Sheffield, Jr.*, for defendant.